UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WALTER EARL TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:11-CV-533 |
| | § | |
| CORRECTIONAL MEDICAL SERVICES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff, Walter Earl Taylor, was an inmate at the Galveston County Jail when he filed this suit under 42 U.S.C. § 1983, complaining of deliberate indifference to his serious medical needs. Plaintiff is no longer incarcerated. He proceeds *pro se* and *in forma pauperis*. After reviewing the complaint as required by 28 U.S.C. § 1915A, the Court concludes that this case must be dismissed for the reasons that follow.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. § 1915A(b)(1). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or no arguable basis in law and fact. 28 U.S.C. § 1915(e)(2)(B)(1); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to rise above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007).  While *pro se* complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002).

A plaintiff proceeding pursuant to section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). As a state prisoner, plaintiff has a right to basic treatment in response to his serious medical needs. *Estelle v. Gamble*, 429 U.S. at 97, 103 (1976).

Plaintiff's medical problems began after he was given ibuprofen for a toothache, shortly after awakening. Soon after lunch, plaintiff suffered low blood pressure and passed out. He was given IV fluids to restore normal blood pressure. His claim of deliberate indifference to serious medical needs arises from defendant McCoy allegedly giving him the wrong medication and not adequately treating his symptoms.

In his grievance filed at the jail, plaintiff complains that he was given the wrong medication. The response to the grievance states that "I have reviewed your chart and do not find where you were given the wrong medication. You were treated for dehydration. You were treated appropriately for dehydration and have voiced no further complaints." (Dkt. 1.)

To prevail on a claim of inadequate medical care under the Eighth Amendment and 42 U.S.C. § 1983, a plaintiff must establish deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-107 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Estelle,* 429 U.S. at 105-06. Constitutionally adequate

care does not ensure that an inmate will agree with every treatment decision. *Estelle*, 429 U.S. at 107-08. As long as medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional right, even though the prisoner may disagree with the course of treatment. *Youngberg v. Romeo,* 457 U.S. 307, 322-23 (1982); *Estelle*, 429 U.S. at 107-08.

The facts of this case do not support a claim of deliberate indifference to serious medical needs. Plaintiff's complaint and grievance confirms that he was seen or examined several times during the day that he passed out, and he was given intravenous fluids to treat dehydration. Plaintiff voiced no further complaints after receiving medical treatment for dehydration. Where there are indications of a course of treatment for an inmate's condition, as in this case, it is extremely difficult to make a showing of deliberate indifference. The Fifth Circuit has specifically noted that in such situations, the only remaining logical possibility for liability is that the physician fiendishly and deliberately set out to injure rather than benefit the inmate. *Bass*, 550 F.2d 229, 232 (5th Cir. 1977). Based on review of the administrative grievance and plaintiff's complaint, that did not happen in this case. Plaintiff's contention that he was given the wrong medication constitutes nothing more than his opinion which is devoid of any factual support. His belief that he did not receive the medication that he should have received is at most an allegation of negligence or medical malpractice that fails to state a constitutional claim. *See Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Moreover, plaintiff has failed to show that any defendant other than McCoy was personally involved in his medical treatment. Personal involvement is an essential element of a civil rights cause of action and a plaintiff is required to establish an affirmative link between his

injuries and a defendant's personal conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-372, 377 (1976). Plaintiff sued Nurse Bartholomew and Correctional Medical Services but failed to state how either was personally involved in his medical treatment. Without a sufficient showing of personal involvement by individual defendants, a section 1983 complaint must be dismissed. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (Plaintiff must enunciate a set of facts that illustrate defendants' participation in the wrongs). In the absence of allegations of personal involvement tied to particular defendants, the claims fail.

Based on the foregoing, this case is **DISMISSED WITH PREJUDICE** as frivolous and for the failure to state a claim.

**The Clerk shall provide a copy of this order to the plaintiff and, by regular mail or electronic transmission to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

All pending motions, if any, are **DENIED.**

It is so **ORDERED.**

SIGNED at Galveston, Texas, this 31st day of August, 2015.

_____
George C. Hanks Jr.
United States District Judge